AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

|  |  |
|---|---|
| *Applicant* | )<br>)<br>)  Civil Action No.<br>)<br>)<br>) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:

*(Name of person to whom this subpoena is directed)*

❒ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: | Date and Time: |
|---|---|
|  |  |

The deposition will be recorded by this method:

❒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____      _____
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## SCHEDULE A

## **DEFINITIONS**

1. "You" or "Your" shall refer to Ivan Freites, including any agents, attorneys, representatives, employees, or any other persons purporting to act on your behalf.

2. "Mr. Rodriguez" shall refer to Jorge Alejandro Rodriguez, including any agents, attorneys, representatives, employees, or any other persons purporting to act on his behalf.

3. "Mr. Otero" shall refer to Miguel Otero, including any agents, attorneys, representatives, employees, or any other persons purporting to act on his behalf.

4. "Mr. Medina" shall refer to Horacia Medina, including any agents, attorneys, representatives, employees, or any other persons purporting to act on his behalf.

5. "Mr. Moya" shall refer to Cesar Moya, including any agents, attorneys, representatives, employees, or any other persons purporting to act on his behalf.

6. "PDVSA" shall refer to Petróleos de Venezuela, S.A., including any agents, attorneys, representatives, employees, or any other persons purporting to act on its behalf.

7. "Junta Administradora" shall refer to Junta Administradora Ad-Hoc de PDVSA, including any agents, attorneys, representatives, employees, or any other persons purporting to act on its behalf.

8. The "Swiss Criminal Action" means the criminal complaint filed with the Kantonspolizei Zürich against Mr. Cesar Moya, as stated in the "Supplemental Notice Regarding Related Criminal Proceedings Arising from Unauthorized Disclosure and Harassment," which is attached as Exhibit 1 to this Schedel.

9. The "Delaware Lawsuit" means *Freites, et al. v. Petróleos de Venezuela, S.A., et al.*, Case No. 23-cv-00989-JLH, pending before the United States District Court for the District of Delaware.

10. The "Florida Lawsuits" means (1) *Freites, et. al. v. Median, et. al,* Case No. 25-cv-20465, pending before the United States District Court for the Southern District of Florida, and (2) *Freites C. et al. v. Viero-Blanco et al.*, No. 24-cv-24176, filed in he United States District Court for the Southern District of Florida.

11. The words "and" and "or" shall be construed both conjunctively and disjunctively so as to make each request inclusive rather than exclusive. The singular form of any word includes the plural and *vice versa*; the masculine includes the feminine and *vice versa*.

12. "Including" means including without limitation.

13. "Communication(s)" shall mean any oral or written statement or exchange of information of any type between two or more persons, including but not limited to documents, electronic or other computer-generated mail, telephone or face-to-face conversations, or meetings.

14. "Document" shall mean originals, drafts, and non-identical copies of any writing or other tangible thing or data compilation – whether printed, typed, reproduced by any process, written or produced by hand, including any graphic matter however produced or reproduced, or produced by any mechanical means – either presently maintained in paper form or in electronic, magnetic, chemical, mechanical, or other form of data storage capable of being transformed into, written or oral matter, including, but not limited to, letters, e-mails, affidavits, filings, inventory data, reports, agreements, communications, correspondence, permits, licenses, regulatory filings, financial records, accounting records, contracts, letter agreements, telegrams, mailgrams, memoranda, summaries and/or records of personal or telephone conversations, diaries, calendars,

photographs, tape recordings, facsimiles, models, statistical statements, maps, graphs, charts, plans, drawings, minutes or records of conferences, reports and/or summaries of interviews, conversations, summaries of investigations, brochures, pamphlets, advertisements, circulars, trade letters, press releases, drafts of any documents, purchase orders, invoices, receipts, original or preliminary notes, films, videos, microfiche, microfilm, punch cards, slides, pictures, laboratory results, magnetic tapes or any other matter which is capable of being read, heard, or seen with or without mechanical or electronic assistance. **FOR THE AVOIDANCE OF DOUBT, THE TERM "DOCUMENT" EXPRESSLY ENCOMPASSES EMAILS, TEXT MESSAGES, AND ANY OTHER FORM OF WRITTEN COMMUNICATION, INCLUDING MESSAGES EXCHANGED THROUGH APPLICATIONS SUCH AS WHATSAPP, SLACK, FACEBOOK, AND INSTAGRAM.**

15.     The phrase "show" "relate to" or "relating to" shall mean refer to, reflect, contain, allude to, respond to, comment upon, discuss, show, disclose, explain, mention, analyze, constitute, comprise, evidence, set forth, summarize, support, refute, or characterize, either directly or indirectly, in whole or in part.

16.     The use of the singular includes the plural, and the use of the plural includes the singular, so as to be inclusive of any documents that may otherwise be excluded from production.

17.     The use of the present tense includes the past tense, and the use of the past tense includes the present tense, so as to be inclusive of any documents that otherwise may be excluded from production.

18.     All defined terms shall have the same meaning regardless of their capitalization.

19.     Unless otherwise indicated, all terms used in these Requests shall have the same meaning as reflected in the operative pleading.

# **INSTRUCTIONS**

Production of documents and items requested herein shall be made at the offices of Diaz Reus & Targ, LLP, 100 Southeast 2nd Street, 3400 Miami Tower, Miami, Florida, 33131.

1. These requests shall include all documents that are in Your possession, custody or, control or in the possession, custody, or control of Your present or former agents, representatives, or attorneys, or any and all persons acting on Your behalf or on behalf of Your present or former agents, representatives, or attorneys.

2. If any document responsive to a request has been destroyed, describe the content of that document, the location of that document, the date of such destruction, and the name of the person who ordered or authorized such destruction.

3. In producing the documents requested, indicate the specific request(s) pursuant to which document or group of documents is being produced.

4. If a document or other information is stored electronically, the document or other information shall be produced in native format. In conjunction with the production of any electronically stored information, all metadata and other bibliographic or historical data relating to such electronically stored information shall also be produced.

5. Format for Production of Electronically Stored Information (ESI):

   a. Single page .tif files, unless documents are in color and the color is key to understanding the document, then produce color .jpg files.

   b. OCR at document level – all documents are to be provided searchable text (.TXT) files with the exception of any redacted documents.

   c. Electronic documents and emails are to be processed and converted from the electronic format to single page .tif.

   d. Native documents should be produced for spreadsheets, databases, and any other files not reasonably capable of being converted to .tif format. A placeholder .tif shall be inserted into image folders for documents being

produced in native format. The placeholder should bear the phrase "produced in native format" or words with similar meanings.

e. All metadata values should be extracted and produced in a text file with Pipe "|" and Caret "^" delimiters; metadata fields are described below.

f. The following metadata fields shall be produced where available:

| Field Name | Meta Data Description |
|---|---|
| DOCID | Image bates number |
| TO | To |
| FROM | From |
| CC | CC |
| BCC | BCC |
| SUBJECT | Subject |
| HEADER | Header |
| FOLDERID | Folder ID |
| FOLDERNAME | Folder Name |
| READ | Read |
| DATECREATED | Date Created |
| DATESAVED | Date Saved |
| DATERCVD | Date Received |
| TIMERCVD | Time Received |
| DATESENT | Date Sent |
| TIMESENT | Time Sent |
| APPLICATION | Application |
| ATTACHRANGE | Attachment Range |

5

| | |
|---|---|
| ATTACHTITLE | Attachment Title |
| ATTACHCOUNT | Attachment Count |
| CUSTODIAN | Custodian of collection |
| MEDIA | Edoc, Email, Attachment |
| ATTACHID | Attachment bates |
| PARENTID | Parent bates id |
| FOLDER | Folder path |
| FILENAME | File Name |
| AUTHOR | File Author |
| FILEEXT | File Extension |
| HASHCODE | MD5 Hash |

To the extent reasonably available, the "Custodian" "Source" or "Original Path" field with respect to ESI gathered from an individual's hard drive will provide metadata sufficient to identify the custodian from whose hard drive such ESI has been gathered.

Delivery Format:

g. Data shall be delivered in Summation-ready format, i.e., dii file including @Fulltext DOC and an @DOCLINK (containing path to native file in deliverable) for any native documents produced.

h. The TIFF files and extracted text files (OCR) shall be named as the corresponding DOCID and stored in the same folder named "IMAGES" and loaded using the industry standard DII file that loads both Image and Text files simultaneously (@Fulltext DOC).

i. The file to load the metadata into the above-referenced fields shall be in .TXT format with "|" and "^" as the delimiters. The first row of the file shall contain the metadata fields, the preferred format referenced in the table above, and should remain uniform for all files of this type.

      j. The native files shall be stored in a separate folder named "Native Files" and shall be loaded through the data in the @Doclink token in the dii file.

      k. Delivery by CD, DVD, External Hard Drive, or Secure FTP location is acceptable.

6. These requests should be deemed continuing, and supplemental production shall be provided as additional documents become available.

7. In the event You withhold any documents as privileged, please provide a privilege log with the following information for each document withheld:

      a. The ground(s) on which the document is being withheld;

      b. The date, or, if no date, the date or the approximate date on which it was prepared;

      c. The names, employment positions, and addresses of the author(s) or preparer(s);

      d. The name(s), employment positions, and addresses of the person(s) to whom the document, or a copy of the document, was directed;

      e. The title or, if none, a description of the documents;

      f. The type of document and, if electronically stored information, the software application used to create it;

      g. The document's Bates stamp number(s);

      h. The title and a description of the document's subject matter sufficient to enable Plaintiff to assess the privilege claim.; and

      i. The number of the Request under which such document would be produced but for the objection.

8. The relevant time period for these Requests is from January 1, 2023, to the present.

7

**REQUESTS FOR PRODUCTION**

1. All documents and communications exchanged between You and Mr. Rodriguez, Mr. Otero, or any third party relating to the Swiss Criminal Action.

2. All documents and communications exchanged between You and Mr. Rodriguez, Mr. Otero, or any third party relating to the Delaware Lawsuit.

3. All documents and communications exchanged between You and Mr. Rodriguez, Mr. Otero, or any third party relating to the Florida Lawsuits.

4. All documents and communications exchanged between You and Mr. Rodriguez, Mr. Otero, or any third party relating to Mr. Medina.

5. All documents and communications exchanged between You and Mr. Rodriguez, Mr. Otero, or any third party relating to Mr. Moya.

6. All documents and communications exchanged between You and Mr. Rodriguez, Mr. Otero, or any third party relating to PDVSA.

7. All documents and communications exchanged between You and Mr. Rodriguez, Mr. Otero, or any third party relating to Junta Administradora.

8. All documents and communications showing the identity of the individuals or entities funding or paying for the legal fees and costs related to or incurred in the Swiss Criminal Action.

9. All documents and communications showing the identity of the individuals or entities funding or paying for the legal fees and costs related to or incurred in the Delaware Lawsuit.

10. All documents and communications showing the identity of the individuals or entities funding or paying for the legal fees and costs related to or incurred in the Florida Lawsuits.

11. All documents filed or submitted in the Swiss Criminal Action.

9