UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:25-mc-25576-BLOOM

IN RE: APPLICATION OF

HORACIO MEDINA,

Applicant,

V.

IVAN FREITES,

Respondent.



**REPLY IN SUPPORT OF RESPONDENT IVAN FREITES'S MOTION TO QUASH SUBPOENA ECF No. 9.**

COMES NOW Respondent, IVAN FREITES ("Mr. Freites" or "Respondent"), proceeding *pro se*, and hereby files this Reply in Support of his Motion to Quash the Subpoena issued by Applicant HORACIO MEDINA. The Applicant's Response (ECF 10) fails to cure the fatal defects of the Application and, in fact, confirms through its silence and admissions that this proceeding is a "sham" designed to circumvent the discovery stay in the parallel Eleventh Circuit appeal.

**I. APPLICANT ADMITS THE "FISHING EXPEDITION": A FATAL DEFECT UNDER *CLERICI***

The Applicant's Response attempts to anchor its legitimacy on the "reasonable contemplation" standard of *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004). However, this reliance is shattered by the candid admission of his own Swiss

1

counsel, Hans-Ulrich Kupsch, in the underlying declaration:

> **"Currently, Mr. Medina is not in possession of any documents or communications relating to the purported criminal complaint in Switzerland."** (Kupsch Decl. ¶ 47).

This admission is dispositive. In the Eleventh Circuit, a § 1782 request must be denied if it is a "fishing expedition." *In re Request for Assistance from Ministry of Legal Affairs of Trinidad and Tobago*, 848 F.2d 1151, 1156 (11th Cir. 1988); *In re Clerici*, 481 F.3d 1324 (11th Cir. 2007). By admitting he has *no* evidence, the Applicant concedes he is not seeking to "prove" a claim but to "find" one. He effectively asks this Court to authorize a pre-suit investigation that he hopes will yield a cause of action. This "scan the horizon" approach violates the "objective indicia" requirement of *Certain Funds, Accounts and/or Inv. Vehicles v. KPMG, L.L.P.*, 798 F.3d 113 (2d Cir. 2015). A "twinkle in counsel's eye"—or a hope that Mr. Freites's files contain damaging information—is insufficient to trigger the intrusive powers of § 1782. The "contemplated" proceeding is a hollow shell, existing only as a pretext for this discovery.

## II. THE "END RUN" AROUND THE ELEVENTH CIRCUIT STAY (INTEL FACTOR 3)

The Applicant argues that "proof-gathering restrictions" are merely technical evidentiary rules and that the actions are "independent." This is a deliberate obfuscation of the "Circumvention" factor of *Intel*, which is designed precisely to prevent litigants from using § 1782 to bypass the procedural safeguards of U.S.

2

courts.

1. **Identity of Discovery:** The Subpoena seeks the exact materials (funding sources, strategy communications) that are currently shielded by the discovery stay in *Freites v. Medina* (Case No. 25-cv-20465), currently pending appeal.

2. **Identity of Intent:** The Applicant is a defendant in the stayed action. He is frustrated by the stay. He has manufactured a "contemplated" Swiss action against a co-plaintiff (Rodriguez) to access the documents of the Respondent (Freites).

To grant this subpoena is to render the Eleventh Circuit's stay a nullity. As the court held in *In re Application of Gorsoan Ltd.*, 2020 WL 409729 (S.D.N.Y. 2020), § 1782 cannot be used as a "backdoor" to obtain discovery denied or stayed in domestic litigation. The Applicant cannot do indirectly (via § 1782) what he is prohibited from doing directly (via Rule 26 in the civil docket). This blatant circumvention weighs heavily in favor of quashing the subpoena.

## III. VIOLATION OF SWISS LAW AND SOVEREIGNTY (INTEL FACTOR 2)

The Applicant's Response ignores the grave criminal implications of his request. The "Receptivity" factor of *Intel* weighs against granting assistance that facilitates a crime in the foreign jurisdiction.

- **Article 273 StGB (Economic Espionage):** The demand for "litigation funding" sources constitutes the collection of economic/business secrets for a foreign purpose. This is a crime in Switzerland. The Applicant is asking this Court to compel the Respondent to commit an act that could subject him to

3

criminal liability abroad.

- **Article 271 StGB (Prohibited Acts):** The Applicant is attempting to use the coercive power of the U.S. court to conduct an investigation on behalf of a foreign interest, bypassing the official Mutual Legal Assistance Treaty (MLAT) process.

As noted in the **Joint Motion to Strike** (ECF 339), the Plaintiffs have already filed a formal criminal complaint (*Strafanzeige*) in Zurich regarding this very Application. The Swiss Prosecutor is now seized of the matter. It would be fundamentally unjust and contrary to international comity for this Court to order discovery that is currently the subject of a criminal investigation for "Prohibited Acts" in the target country.

## IV. PRIVILEGE APPLIES TO PRO SE WORK PRODUCT

The Applicant's contention that privilege does not apply because the Plaintiffs are *pro se* is legally incorrect and seeks to impose an unfair penalty on self-represented litigants. **Federal Rule of Civil Procedure 26(b)(3)** protects "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another **party** or its representative." The rule does not require an attorney. It expressly protects the *party's* work product. Mr. Freites and Mr. Rodriguez, as *pro se* co-plaintiffs, prepared communications and strategy documents in anticipation of the Florida and Delaware litigation. These are protected Work Product. Furthermore, the **Common Interest Doctrine** prevents waiver of this protection when co-parties share information in furtherance of a joint legal strategy. *United*

4

*States v. Almeida*, 341 F.3d 1318 (11th Cir. 2003). The Applicant's request for "All communications" between the co-plaintiffs (Requests 1-7) is a facial invasion of this privilege. Sharing strategy with a co-plaintiff does not waive protection; it reinforces the common interest. To rule otherwise would strip *pro se* litigants of the ability to coordinate their case without handing their strategy to the defense.

**V. CONCLUSION**

The Application is a textbook example of § 1782 abuse.

1. **It is a Fishing Expedition:** Admitted by counsel's declaration that he has no evidence.

2. **It is a Circumvention:** An end-run around the Eleventh Circuit's discovery stay in *Freites v. Medina*.

3. **It is Legally Hazardous:** It invites the Court to compel violations of Swiss criminal law (Arts. 271 & 273 StGB).

4. **It is Invasive:** It targets the privileged work product of *pro se* victims.

**WHEREFORE**, Respondent Ivan Freites respectfully requests that this Court **QUASH** the Subpoena in its entirety and **STAY** any further proceedings in this matter pending the outcome of the Eleventh Circuit appeal and the Swiss criminal investigation.

Respectfully submitted,

Ivan Freites   *IF*

Pro Se Respondent

4370 NW 107th Ave., Apt. 102   Doral, FL 33178

5

---

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on , 2026, I filed the foregoing document with the Clerk of the Court. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.


Ivan Freites         *IF*

Pro Se Respondent

5531 NW 112th Avenue, Apt. 102

Doral, Florida 33178